## In re McEVOY'S ESTATE.

(*Supreme Court, General Term, Second Department.* December 13, 1888.)

1. EXECUTORS AND ADMINISTRATORS—LIABILITIES—COLLECTION OF ASSETS—GIFTS.
   Testator's niece was his housekeeper and residuary legatee, and he had said that he desired her to have all his property as a reward for her services. She took charge of certain bonds of testator, and, when questioned by the executor, denied having them, but afterwards admitted it, saying that testator had given them to her, and that her falsehood was occasioned by fear that she would not get the money. *Held*, that the executor was not liable personally for failure to sue for the bonds to a creditor who did not present his claim, which was for a deficiency upon a mortgage subsequently foreclosed, and of which neither the executor nor the niece had notice until after the estate was entirely settled.

2. SAME—LIABILITY TO CREDITORS—DELAY IN PRESENTING CLAIM—ILLEGAL BEQUEST.
   Under 2 Rev. St. N. Y. p. 89, § 39, providing that, if a claim against a decedent's estate is not presented within six months after notice of the granting of letters testamentary is published, the executor shall not be liable to the creditor for moneys paid out in satisfaction of legacies, an executor is not after that period liable to a creditor who has not so presented his claim for moneys paid out with the consent of the residuary legatee upon a bequest for the celebration of masses, though such a legacy is illegal.

Appeal from surrogate's court, Westchester county.

William P. O'Connor, executor, etc., of the will of John McEvoy, deceased, filed his petition for final accounting. Pending the proceedings in the surrogate's court, Silas D. Gifford, assignee of John M. Masterson, filed his petition, stating that he had recovered a judgment for a deficiency in the sale of land under a mortgage by testator, and objected to the executor's accounts for that he failed to charge himself with certain bonds of testator and that he had credited his account with certain sums paid on a legacy for the celebration of masses. Judgment was rendered for the petitioner, and the executor appeals. For surrogate's opinion, see *ante*, 207. 2 Rev. St. N. Y. p. 89, § 39, provides that an executor shall not be liable to a creditor, who does not present his claim within six months from publication of notice of letters testamentary being issued, for moneys paid out on legacies, etc.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*R. E. & A. J. Prime,* for appellant.    *T. G. Barry,* for respondent.

BARNARD, P. J. The belief of the executor as to the gift of the two Jersey City bonds by the testator to Mary Ann Murphy is only important if supported by the evidence. This evidence only shows that a few weeks before the death of John McEvoy, the testator, he gave two coupons from these bonds to the executor to collect. These coupons are accounted for. At the death of McEvoy the house was in the possession of Miss Murphy. She was a favorite niece of and housekeeper for the deceased. The executor made a fruitless search for the bonds. At first Miss Murphy denied having them, but subsequently told the executor that her uncle had given the bonds to her

before his death. The coupons were handed to the executor by Mary Ann Murphy. She excused the falsehoods she had told as to the possession of the bonds in these words: "She said she didn't tell me because she was afraid she wouldn't get the money." Upon this proof the executor, as plaintiff, could not recover the bonds. A title by gift is shown, so far as respects the executor. The surroundings justify a gift. The testator said when the coupons were given that he wanted "Mary Ann to have everything." He spoke in the most affectionate terms of her; that he could not reward her sufficiently. The opinion of the executor as to the title in deceased rests on no sufficient evidence of title at the time of the death of testator. After stating the delivery of the coupons, he proceeds to say, "I had the impression that he was the owner." Presumably he was, in the absence of proof of a gift; but the gift of the bonds may have been complete then, or they may have been given afterwards. The executor had no proof, and his attorney advised him that he "had no cause against Mary Ann Murphy in reference to these bonds." The executor is therefore held personally, because he did not bring an action without proof, and rely on the hope that Miss Murphy would confess upon the trial the larceny of the securities. There was no motive for a falsehood on her part. She was entitled to the bonds as residuary legatee, and when she asserted her claim as donee the advertisement for claims brought forward nothing to impeach her right to them as residuary legatee. The present claim was for a deficiency upon a mortgage subsequently foreclosed, of which neither the executor nor herself knew anything. It seems, therefore, a harsh view of the evidence which makes the executor liable for neglect. If he had delivered the bonds over to Miss Murphy he would have been protected by 2 Rev. St. N. Y. p. 89, § 39. The case does not come within the facts of *Harrington* v. *Keteltas*, 92 N. Y. 40. The executor knew of the existence of a debt, and by collusion with the debtor waited for the statute of limitations to run against it, and there was proof that the debtor failed some four years after the defaulting executor had received letters on the estate. Here there was no probable claim against Mary Ann Murphy.

The court of appeals has decided that the legacy for masses is illegal in that there is no declared beneficiary. *Holland* v. *Alcock*, 108 N. Y. 312, 16 N. E. Rep. 305. The executor paid $250 for masses for the deceased. The estate was a very small one, but there were scarcely any known debts, and the residuary legatee approved of the payment, and even contributed an equal additional amount for the same purpose. The estate was entirely settled when the notice of the large claim of the petitioner was first presented. His accounts were then before the surrogate for settlement. No formal decree was entered because of the presentation of this claim. As to the previous payments, the executor should have the protection of the statute in respect to payments to legatees, made after the publication to creditors. 2 Rev. St. p. 89, § 39. My conclusion therefore is that the judgment be wholly reversed. The trust was illegal, it is true, but the petitioner is not in a position to question it. Judgment reversed, with costs to the executor out of the estate of the deceased.

PRATT and DYKMAN, JJ., concur.